**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**REHANA VAIDYA,**

                **Plaintiff,**

**-vs-**                                                                **Case No. 6:09-cv-2151-Orl-31KRS**

**ST. GEORGES UNIVERSITY,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)**
>
> **FILED:**       **December 22, 2009**

**I. BACKGROUND.**

On December 22, 2009, Plaintiff Rehana Vaidya filed a *pro se* complaint against Defendant St. George's University. The complaint contains the following header: "Complaint for Fraud, False Imprisonment, Intentional Infliction of Emotional Distress." Doc. No. 1. Vaidya alleges that Defendant failed to notify her and other students attending St. George's University that Hurricane Ivan was going to hit Grenada in September 2004 until two hours before the hurricane made landfall, leaving the students with "no way out." *Id.* ¶ 2. She alleges that Defendant "intended to cause emotional distress to students by leaving them there trapped," and that after the hurricane "there was

no running water or electricity, the sewage overflowed into the streets, and the looting started." *Id.* ¶ 3.

Vaidya further alleges that evacuation planes and hotels charged fees, and Defendant "increased tuition to $50,000 because they needed money to fix the school." *Id.* ¶ 4. She alleges that Defendant failed to notify her prior to enrollment that it did not have internet access in the dorms, and that she would not have attended the school had she known this fact. *Id.* ¶ 5. She states she could not find work with St. George's University (SGU) on her resume, and that she "finally found temp work by taking SGU off her resume." *Id.* ¶ 6. Vaidya alleges that she had "difficulty keeping jobs after the hurricane, difficulty sleeping, anxiety, faced evictions, and symptoms of withdrawal." *Id.* ¶ 7.

## II.    APPLICABLE LAW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Vaidya's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under § 1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. 8(a)).

The United States Supreme Court recently addressed what factual allegations are necessary to survive a motion to dismiss. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

### III. ANALYSIS.

*A. Complaint.*

Vaidya's only references to her alleged causes of action is the complaint's header, which references fraud, false imprisonment, and intentional infliction of emotional distress. Doc. No. 1 at 2. Further, the allegations of the complaint fail to set forth sufficient facts demonstrating that Vaidya is entitled to relief for all of the alleged wrongs. *See Iqbal*, 129 S. Ct. at 1949-50. Vaidya's complaint, therefore, fails to state a claim upon which relief can be granted.

Moreover, it appears that Vaidya's causes of action are barred by the applicable statute of limitations. Pursuant to section 95.11(3), Florida Statutes, actions for fraud, false imprisonment, and intentional infliction of emotional distress shall be commenced within four years of the date such claims accrued. §§ 95.11(3)(j), (o), Fla. Stat. (2009). According to Vaidya's complaint, the alleged claims accrued on or about September 8, 2004, when Hurricane Ivan made landfall in Grenada. Vaidya did not file her complaint until December 22, 2009, more than five years after the date her alleged claims accrued. Vaidya's complaint is therefore due to be dismissed as frivolous. *See, e.g., Hudson v. Nye*, No. 05-22696-CIV, 2006 WL 2290505, at *4 (S.D. Fla. Aug. 3, 2006) (citing *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations . . . warrants a dismissal as frivolous.").

The United States Court of Appeals for the Eleventh Circuit has held that when a complaint is dismissed under § 1915(e), the plaintiff should normally be given leave to amend. *See Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under 1915(e)(2)(B)).

Should the Court determine that leave to amend should be granted, Vaidya must set forth in her amended complaint each claim arising from a statute, common law provision, or constitutional provision in a separate count of the complaint. Fed. R. Civ. P. 10(b). She should clearly describe how the Defendant is involved in each of the alleged violations. Generally, one cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated or directed such action and/or omission that resulted in the claimed injury. Finally, Vaidya must show specifically how she has been damaged (how she was harmed or injured by the actions and/or omissions of Defendant) with respect to each claim. Alternatively, Vaidya may file a complaint in state court.

*B.     Motion to Proceed In Forma Pauperis.*

Pursuant to *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004), the Court must consider both the applicant's assets and liabilities to determine whether the applicant "is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependants."

In her application, Vaidya indicates that she is a full-time law student and is currently employed "only for Christmas vacation." Doc. No. 2 at 1-2. She indicates that she will receive $150.00 salary for the month of December, she has $6,300.00 in cash or checking/savings accounts, and she owns a Toyota worth $8,000.00 and stocks valued at $2,500.00. She does not aver that she has any debts or monthly payments, and the amount she indicates she contributes to her parents is illegible. Thus, Vaidya's application is insufficient for the Court to determine whether she is able to pay the filing fee for this case.

**IV.     RECOMMENDATION.**

Based upon the foregoing, I respectfully recommend that the Court:

1.  **DISMISS** the complaint without prejudice, Doc. No. 1, with leave to file an amended complaint within twenty-one (21) days of the Court's order; and

2.  **DENY** the motion to proceed *in forma pauperis* without prejudice, Doc. No. 2, with leave to file a renewed motion subject to filing an amended complaint within the time established by the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 23, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy